**532** People ex rel. Commercial C. Co. *v.* Tax Comrs.

Supreme Court, April, 1917. [Vol. 99.

People ex rel. Commercial Cable Company, Relator, *v.* State Board of Tax Commissioners, Defendant.

(Supreme Court, New York Special Term, April, 1917.)

Taxes — imposition of — special franchises — what is property state may tax — when writ of certiorari dismissed.

While a state cannot impose a tax upon commerce between the states or with foreign countries, it may tax real and personal property within its borders although used in interstate or foreign commerce, and a franchise to use the streets and highways granted by the state is property a state may tax.

Whether a tax is on property and valid or a burden on interstate or foreign commerce and invalid is to be determined by the operation and effect of the tax and not by the form of the statute and depends on whether or not the tax is, for the privilege of engaging in interstate or foreign commerce or directly reaches the transactions in such commerce or the profits or benefits to be derived therefrom or fluctuates or varies according to the volume of business done in such commerce.

The tax on special franchises under the New York Tax Law is a tax on property and valid even where the corporation is engaged exclusively in interstate or foreign commerce.

Where the property is part of a larger earning unit, the net earnings of the whole form no proper basis for determining the earnings of the part if the mileage included in the special franchise is the means of reaching the central point from which business emanates and to which it converges.

Certiorari to review the assessment of relator's special franchise for year 1912.

Henry G. Fritsche and George H. Mallory, for relator.

Lamar Hardy, corporation counsel, and A. B. Scovill, for city of New York.

Egburt E. Woodbury, attorney-general, and Leonard J. Obermeier, for state.

People ex rel. Commercial C. Co. *v.* Tax Comrs.  **533**

Misc.]                    Supreme Court, April, 1917.

Pendleton, J.  This is a certiorari proceeding to review the assessment of relator's special franchise for the year 1912.

Relator is a corporation organized under the laws of the state of New York which give it the right or franchise to maintain and operate telegraph lines along or upon the streets or highways.  Relator's business is exclusively a part of commerce between this country and foreign countries.

The special franchise consists of the wires, conduits and appurtenances in the streets and waters of the city of New York and the franchise to maintain and operate the same.

Relator contends that the assessment is invalid as an attempt by the state to regulate foreign commerce and that the assessment is excessive.

It is well settled that a state cannot interfere with or regulate commerce between the states or with foreign countries but may tax real and personal property within the state belonging to corporations engaged in interstate or foreign commerce, and that franchises or rights to be a corporation and use the streets and highways granted by the state are property which a state may tax.  *Telegraph Co.* v. *Texas,* 105 U. S. 460; *Baltic Mining Co. v. Massachusetts,* 231 id. 68; *Met. St. Ry. Co.* v. *N. Y.,* 19 U. S. 1.  In *Kansas City Ry.* v. *Kansas,* 240 U. S. 228, it was held that a state cannot impose a tax on interstate commerce either by imposing it on the business constituting such commerce or the privilege of engaging in it or upon receipts derived from it, but may impose a tax on the privilege or franchise of being a corporation, and that in each case whether a state tax has such direct relations to foreign or interstate commerce as to be invalid as a tax or burden thereon depends on the operation

and effect of the tax as enforced and not upon the name given to it. The validity of each tax must be decided upon its own facts. In considering whether a statute does or does not burden interstate commerce the courts will look beyond mere form and consider the substance of things. *Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1.

What is a tax on property and valid, and what a burden on interstate or foreign commerce and invalid, has been frequently before the courts. In *Western Union Tel. Co.* v. *Massachusetts,* 125 U. S. 550, the court says: " ' It is often a difficult question whether a tax imposed by a State does in fact invade the domain of the general government, or interfere with its operations to such an extent, or in such a manner, as to render it unwarranted. It cannot be that a state tax which remotely affects the efficient exercise of a Federal power is for that reason alone inhibited by the Constitution. To hold that would be to deny to the States all power to tax persons or property.' "

The proper test as to whether a tax is imposed on interstate or foreign commerce or only on property of a corporation engaged in such commerce would seem to be whether or not the tax is for the privilege of engaging in interstate or foreign commerce or directly reaches the transactions in such commerce or the profits or benefits to be derived therefrom or fluctuates or varies according to the volume of business done in such commerce. If it does, then such commerce is burdened to that extent and the tax is invalid. If on the other hand it does neither of those things, but is a tax on real or personal property including rights, franchises and permissions to do business or use streets or highways granted by the state, it is a tax on property only and valid. It could never have been intended that one engaged in interstate commerce

should be relieved of contributing his due share of the public expenses according to the property owned by him by reason of the fact that he used his property in carrying on such commerce.

A tax on gross receipts which include those derived from interstate commerce is invalid as it directly burdens the benefits to be derived from such commerce (*Philadelphia Southern S. Co.* v. *Pennsylvania,* 122 U. S. 326; *Galveston, Harrisburg, & S. A. Ry. Co.* v. *Texas,* 210 id. 217; *Oklahoma* v. *Wells, Fargo & Co.,* 223 id. 298; *Ratterman* v. *Western Union Tel. Co.,* 127 id. 411), but where the receipts are not in themselves taxed, but are used only to measure a tax within the legitimate power of the state, the tax is not invalid although the receipts come in part from interstate commerce. *United States Express Co.* v. *Minnesota,* 223 U. S. 335; *Kansas City F. S. & M. Ry. Co.* v. *Kansas,* 240 id. 228. In *Baltic Mining Co.* v. *Massachusetts,* 231 U. S. 68, the court says: " It is the commerce itself which must not be burdened by state exactions which interfere with the exclusive Federal authority over it. A resort to the receipts of property or capital employed in part at least in interstate commerce, when such receipts or capital are not taxed as such but are taken as a mere measure of a tax of lawful authority within the State, has been sustained. *Maine* v. *Grand Trunk Ry. Co.,* 142 U. S. 217; *Provident Institution* v. *Massachusetts,* 6 Wall. 611; *Hamilton Co.* v. *Massachusetts,* id. 632; *Flint* v. *Stone-Tracy Co.,* 220 U. S. 107, 162–165; *U. S. Express Co.* v. *Minnesota,* 223 id. 335, 344."

In *Western Union Tel. Co.* v. *Massachusetts,* 125 U. S. 530, and *Massachusetts* v. *Western Union Tel. Co.,* 141 id. 40, it was held that where the tax was in effect a tax upon the corporation on account of the property owned and used by it within the state it was

Supreme Court, April, 1917. [Vol. 99.

valid and that the fact that the value of its entire capital stock and the proportion of the length of its lines within the state to its entire lines were used as a basis for determining the value of that property did not make it valid under the commerce clause of the Constitution. See, also, *Western Union Tel. Co.* v. *Gottlieb,* 190 U. S. 412. The difference in its effect between a tax on property and operations is pointed out in *Railroad Company* v. *Peniston,* 18 Wall, 5, 36.

The question, therefore, resolves itself into whether the tax on the special franchise in question is a tax on property or whether in its operation and effect irrespective of the manner of its characterization it is a prohibited exaction.

The Tax Law in this state defines the terms " land," " real estate " and " real property " for the purposes of taxation to include " all telegraph lines, wires, poles and appurtenances; * * * all mains, pipes, and tanks laid or placed in, upon, above or under any public or private street or place for conducting steam, heat, water, oil, electricity or any property, substance or product capable of transportation or conveyance therein or that is protected thereby, including the value of all franchises, rights, authority or permission to construct, maintain or operate, in, under, above, upon, or through, any streets, highways or public places, any mains, pipes, tanks, conduits or wires, with their appurtenances, for conducting water, steam, heat, light, power, gas, oil, or other substance, or electricity for telegraphic, telephonic or other purposes." The Tax Law of the state defines a special franchise as follows: "A franchise, right, authority or permission specified in this subdivision shall for the purpose of taxation be known as a ' special franchise.' A special franchise shall be deemed to include the value of the tangible property of a person, copartnership, asso-

ciation or corporation situated in, upon, under or above any street, highway, public place or public waters in connection with the special franchise. The tangible property so included shall be taxed as a part of the special franchise." Section 43 provides that the " state board of tax commissioners shall annually fix and determine the valuation of each special franchise subject to assessment in each city, town or tax district."

Concededly the entire business of relator is part of foreign commerce; the tax, however, is neither in form nor substance a direct burden on such commerce. It is a tax on property situated within this state consisting of the tangible property such as wires, cables, etc., laid in and along the streets and waters of the city in connection with the franchise or right to maintain and operate the same in and over said streets and waters.

It is as clearly a tax on property within this state as would be a tax on the office building of a corporation engaged in interstate or foreign commerce. It is designated in the statute as a tax on property and there is nothing in its operation to show such designation is wrong. It neither directly reaches transactions in foreign commerce nor the profits thereof or the privilege of engaging therein. Even if the net earning method of determining the value of the franchise were applicable in this case, which it is not, as hereinafter pointed out, such earnings are only used as a measure of the value. They are not the subject of tax and the distinction between the subject and measure of the tax is well settled. See cases above cited. In *Home Ins. Co.* v. *New York*, 134 U. S. 594, a tax on franchise measured by the dividends declared on the capital stock was held valid although invested in United States Bonds.

As to the question of over-valuation. The valuation

of the special franchise is $407,000, made up of $128,-439 tangible property, and intangible property $278,-561. No question is made as to the tangible property. The relator claims over-valuation of the intangible property and the burden is on it to show it. *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Priest,* 206 N. Y. 274.

The rule is well settled that in cases of assessment for purposes of taxation it is to be assumed that the valuation by the state board is correct and the burden of proof rests upon the relator who attacks the assessment to show that the result arrived at by the board is incorrect. *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Priest,* 206 N. Y. 274.

The net earning method of determining the value of the intangible property is applicable where the earnings of the property to be assessed can be determined with reasonable certainty, but where the special franchise is part of a larger earning unit, manifestly the net earnings of the whole form no proper basis for determining the earnings of the part where, as here, the special franchise to be assessed represents the terminal property in a populous city of a large system extending far beyond the city's limits. Where the mileage of the telegraph lines, within the city, is small as compared with the total mileage, but the terminal property in the city is the means of reaching the central point from which business emanates and to which it converges, a comparison of the mileage of the special franchise with the total mileage cannot in the nature of things be an accurate basis for determining what proportion of the total net earnings should be allocated to the terminal property. In *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Priest,* 206 N. Y. 274, in a case very similar to this, the court says: "Any comparison of track or passenger mileage necessarily spreads the earnings over the mileage, without taking

into account the value of a franchise at a particular place to increase the earnings of the system of road with which it is connected. A particular franchise is frequently of important value in connection with a railroad system as a means of obtaining and retaining business.''

The above is peculiarly applicable in this case where relator's telegraph or cable lines extend under the ocean to foreign countries while the mileage of the special franchise here involved is comparatively small but serves to connect the New York office of relator with the ocean cables and really supplies these cables with all messages transmitted over them. It seems obvious that a division of earnings on a mileage basis as between the two would be simply fanciful. Such a division bears no such relation to the value of the special franchise as to constitute any evidence whatsoever. Every element of '' *proof* '' is lacking.

Relator having failed to sustain the burden of proving that the assessment is in excess of the real value, the writ must be dismissed.

Writ dismissed.